STATE OF WEST VIRGINIA

FILED

May 7, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**WILLIAM L. BOYCE,**
**Claimant Below, Petitioner**

**vs.)    No. 12-0904** (BOR Appeal No. 2046983)
              (Claim No. 2007033556)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**WOOD COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner William L. Boyce, by George Zivkovich, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Jon H. Snyder, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 13, 2012, in which the Board affirmed a February 21, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 22, 2008, decision which denied a permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Boyce alleges that he developed occupational pneumoconiosis and lung cancer as a result of his employment. He was diagnosed with lung cancer in 2005 and underwent a resection of the cancer that same year. Erika Crouch, M.D., reviewed samples of Mr. Boyce's lung tissue and determined in her November 10, 2010, pulmonary pathology consultation report that there was no evidence of asbestosis present. It was her opinion that it was impossible to conclude that asbestos or occupational dust exposure contributed to the development of Mr. Boyce's lung cancer. The major risk factor for his lung cancer was determined to be cigarette smoking. Judith Kemp, M.D., reviewed the same tissue samples as Dr. Crouch and arrived at a different conclusion. In a letter to Mr. Boyce's counsel dated March 10, 2011, Dr. Kemp indicated that the lung tissue showed the presence of asbestos fibers and histological changes consistent with asbestosis. She recommended correlation with the clinical history and radiographic findings.

In a letter to Mr. Boyce's counsel dated March 19, 2007, Dominic Gaziano, M.D., opined that Mr. Boyce suffers from asbestosis with a mild degree of pulmonary functional impairment. It was also his opinion that his lung cancer developed as the result of both cigarette smoking and asbestos exposure. However, he determined that the more important factor was the extensive history of asbestos exposure with accompanying pathologic findings consistent with asbestosis. He noted that Mr. Boyce had not smoked cigarettes since the 1980s.

The Occupational Pneumoconiosis Board testified in a hearing before the Office of Judges on September 7, 2011, that Mr. Boyce's cancer was the result of his thirty-six year history of smoking two packs of cigarettes a day. It determined that while Mr. Boyce does suffer from asbestos-related pleural disease, he does not have asbestosis. In a second hearing before the Office of Judges the Board was presented with a recent CT scan of Mr. Boyce's chest as well as the radiologist's report. The members all testified that their opinion was unchanged. Jack Kinder, M.D., testified on behalf of the Board that asbestos-related pleural disease can cause pulmonary impairment but only when it is quite extensive and that was not the case in this claim.

The claims administrator denied Mr. Boyce permanent partial disability benefits in its February 22, 2008, decision. The Office of Judges affirmed the decision in its February 21, 2012, Order. It found that the Occupational Pneumoconiosis Board determined in 2008 that Mr. Boyce had no pulmonary functional impairment. His x-rays, read by Thomas Hayes, M.D., showed that there were no parenchymal changes consistent with pneumoconiosis. There was an impression of asbestos-related pleural disease. Johnsey Leef, M.D., of the Occupational Pneumoconiosis Board, testified in a hearing before the Office of Judges that he reviewed the x-rays and came to the same conclusion as Dr. Hayes. The Office of Judges found that chest CTs from 2004, 2005, and 2007 confirmed the lack of markers for asbestosis. Bradley Henry, M.D., also of the Occupational Pneumoconiosis Board, testified that he could not make a diagnosis of asbestosis. He also stated that he disagreed with the findings of Dr. Gaziano. Dr. Kinder concurred. It was Dr. Leef's opinion that the lung cancer was caused by Mr. Boyce's extensive history of cigarette smoking.

The Office of Judges found that Drs. Kemp and Crouch reviewed the same samples of Mr. Boyce's lung tissue and arrived at opposite conclusions. Dr. Kemp found evidence of asbestosis while Dr. Crouch did not. The Occupational Pneumoconiosis Board agreed with Dr.

2

Crouch that Mr. Boyce did not have asbestosis. Without the presence of asbestosis, his cancer could not have developed as a result of his occupational asbestos exposure. His significant cigarette smoking history of two packs a day for thirty-six years was determined to be the cause of his cancer. Dr. Henry concurred with Dr. Kinder and Dr. Crouch. At a subsequent hearing, the Occupational Pneumoconiosis Board members again testified that they could not make a diagnosis of asbestosis in this case. The Office of Judges concluded that the Board considered the matter at two separate hearings and remained of the opinion that Mr. Boyce's lungs showed evidence of asbestos exposure but did not show the markers necessary to conclude that he had asbestosis. Without a diagnosis of asbestosis, his lung cancer could not be attributed to his occupational exposure.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its July 13, 2012, decision. This Court agrees with the reasoning and conclusions of the Board of Review. The medical reports indicate that Mr. Boyce suffered from asbestos-related pleural disease but that he did not contract asbestosis in the course of his employment. The Occupational Pneumoconiosis Board determined that his lung cancer developed as the result of his thirty-six year history of smoking two packs of cigarettes a day. Its opinion is reinforced by Dr. Crouch's pathology findings.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  May 7, 2014**

**CONCURRED IN BY:**
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin